IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| KORVETTA S. GLASPER,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK HAWK COUNTY JAIL and MEDICAL DEPARTMENT,<br><br>Defendants. | No. C09-2020-LRR<br><br>PRE-INITIAL REVIEW ORDER |

This matter is before the court following transfer from the United States District Court for the Southern District of Iowa. Such transfer occurred on March 26, 2009. Prior to the case being transferred or on February 3, 2009, the plaintiff submitted an application to proceed in forma pauperis, an application for appointment of counsel and a complaint under 42 U.S.C. § 1983.

The plaintiff did not submit the statutory $350.00 filing fee. *See* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison. 28 U.S.C. § 1915(a)(2). A prisoner bringing a civil action in forma pauperis is required to pay the full $350.00 filing fee. 28 U.S.C. § 1915(b)(1). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff is under the impression that the filing fee is $250.00.[1] On April 9, 2006, the filing fee increased from $250.00 to $350.00. If she wishes to pursue this matter, the plaintiff is directed to inform the court that she is willing to pay on an installment basis the $350.00 filing fee by no later than June 16, 2009. If the plaintiff fails to comply with this order, this case may be dismissed for failure to respond to an order of the court. Fed. R. Civ. P. 41(b); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995); *cf.* L.R. 41.1(b)(4). The court reserves ruling on the plaintiff's application to proceed in forma pauperis, application for appointment of counsel and complaint.[2]

**IT IS SO ORDERED.**

DATED this 19th day of May, 2009.

JON STUART SCOLES
Magistrate Judge
UNITED STATES DISTRICT COURT

---

[1] The form that the plaintiff completed also suggests that the fee is $150.00.

[2] Before proceeding with her action, the plaintiff should be aware of the following: (1) a plaintiff must exhaust administrative remedies prior to commencing an action, 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002) (stating exhaustion in cases covered by 42 U.S.C. § 1997e(a) is mandatory); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (concluding dismissal is required when an inmate has not administratively exhausted before filing a lawsuit in district court); (2) an Eighth Amendment violation occurs only when two requirements are met: (i) "the deprivation alleged must be, objectively, 'sufficiently serious,'" and (ii) the "prison official must be, as a subjective state of mind, deliberately indifferent to the prisoner's health or safety", *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995) (citations omitted); (3) county jails are not legal entities amenable to suit, *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); and (4) no liberty interest is normally implicated by segregation, *Ragan v. Lynch*, 113 F.3d 875, 876 (8th Cir. 1997) (citing *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)).